IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Demetrius Jones,            Case No. 1:14 CV 2549

    Petitioner,            ORDER ADOPTING
                              REPORT AND RECOMMENDATION
-vs-
                              JUDGE JACK ZOUHARY
Alan Lazaroff, *Warden*,

    Respondent.

## INTRODUCTION

Demetrius Jones, a state prisoner, filed a Petition for Writ of Habeas Corpus asserting six grounds for relief (Doc. 1). The case was referred to Magistrate Judge Greg White for a Report and Recommendation ("R&R"). Judge White recommended this Court dismiss the Petition (Doc. 23), and Jones timely objected (Doc. 24). Accordingly, this Court has reviewed de novo those portions of the R&R challenged in the Objections. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981). For the reasons below, this Court adopts the R&R and dismisses the Petition.

## BACKGROUND

As Jones does not object to the procedural history and facts set forth in the R&R (Doc. 23 at 3–14), this Court incorporates them by reference and briefly sets forth the timeline of his state appeals.

An Ohio jury convicted Jones of the felony-murder of his girlfriend's one-year-old child. It acquitted him, however, of the accompanying predicate charge of felonious assault. Jones moved for

a total acquittal, arguing "the verdicts are so inconsistent, if you're not guilty of felonious assault, you can't be guilty of the murder" (*id.* at 5). The trial court denied the motion but vacated the conviction and ordered a new trial after expressing concern about the fairness of the result. The State appealed, arguing Ohio law precluded a new trial following inconsistent jury verdicts. Jones lodged his own assignment of error, again arguing the felonious-assault acquittal voided the felony-murder verdict. The Ohio appellate court reversed the trial court, ordered Jones' murder conviction reinstated, and remanded for sentencing (*id.* at 6–7). Jones sought review of the issue with the Ohio Supreme Court, but his appeal was dismissed as not involving any substantial constitutional question (*id.* at 7–8).

After sentencing, Jones again attempted to appeal the inconsistent verdicts. The appellate court affirmed the conviction and sentence, finding the law of the case and res judicata barred Jones' arguments. Jones once again sought Ohio Supreme Court review, but the court declined to exercise jurisdiction over the appeal (*id.* at 9–10).

While this second Ohio Supreme Court appeal was pending, and with the help of new counsel, Jones applied to reopen his appeal in the lower appellate court to assert claims of ineffective assistance by trial counsel. The appellate court denied Jones' application as untimely and without good cause to excuse the delay. He filed another notice of appeal with the Ohio Supreme Court, which again declined to take the case (*id.* at 10–12). Jones then filed this Petition.

### DISCUSSION

The Petition raises six grounds for relief, but Jones concedes the first and second grounds amount to one claim. The R&R recommends dismissing the combined claim as non-cognizable and dismissing the remaining claims as procedurally defaulted. Jones objects only as to the R&R's analysis of the combined claim.

2

In his Objection, Jones presents the R&R as the latest instance of a court misconstruing his claim. He argues his claim is *not* one for inconsistent verdicts, which he acknowledges is non-cognizable on habeas review (Doc. 20 at 2–3). He stresses he is asserting a due process claim under *In re Winship*, 397 U.S. 358 (1970), "because the state has failed to prove every element beyond a reasonable doubt" (Doc. 15 at 13). Jones criticizes the R&R for ignoring *Gall v. Parker*, 231 F.3d 265, 307 (6th Cir. 2000), where the Sixth Circuit held that "[c]hallenges to evidence pertaining to an element of an offense raise constitutional process concerns under *In re Winship* and are thus reviewable on habeas review."

But *Winship* itself illustrates the problem with Jones' claim as presented: there, the petitioner challenged the sufficiency of the government's proof by engaging the specific evidence adduced at trial and arguing that no jury could have found him guilty on those facts. *See Winship*, 443 U.S. at 325–26. Jones, by contrast, mentions none of the evidence presented at trial, and instead argues only that the jury *must* have had insufficient evidence to convict him of felony-murder because it acquitted him of felonious assault -- or, in other words, because it returned inconsistent verdicts. As the R&R concluded, "Jones' attempt to recast this argument as a sufficiency of the evidence challenge is unpersuasive, particularly in light of the fact that Jones makes no argument that the specific evidence introduced at trial was insufficient to satisfy the elements of felonious assault" (Doc. 23 at 38).

Moreover, the Supreme Court explained the unavoidable pitfalls of this type of argument in *United States v. Powell*, 469 U.S. 57 (1984). "Whether presented as an insufficient evidence argument" or otherwise, it requires a court to speculate improperly as to the jury's motivations. *Id.* at 68. "It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent

conclusion on the lesser offense." *Id.* at 65. "But verdicts cannot be upset by speculation or inquiry into such matters." *Dunn v. United States*, 284 U.S. 390, 394 (1932). And as the Court observed, "[t]he Government could just as easily -- and erroneously -- argue that since the jury convicted on the compound offense[,] the evidence on the predicate offense must have been sufficient." *Powell*, 469 U.S. at 68. Said differently, inconsistent does not mean unconstitutional, even when "presented as an insufficient evidence argument." *Id.*

The state appellate court expressly relied on *Powell* and *Dunn* in rejecting Jones' claim. As the court reasoned, "[t]he [trial] court instructed the jury to consider the counts separately. Once the jury found Jones guilty of murder, which included the felonious assault, the second count of felonious assault could have been viewed as redundant." *State v. Jones*, 2012-Ohio-920, ¶ 11 (App. Ct. 2012). The state court and the R&R both correctly recognized that Jones' sufficiency claim ultimately reduces to an inconsistent-verdicts claim.

## CONCLUSION

For the foregoing reasons, this Court overrules Jones' Objection (Doc. 24) and adopts the R&R (Doc. 23). Jones' Petition is dismissed. Further, this Court certifies an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                                            s/ *Jack Zouhary*
                                            JACK ZOUHARY
                                            U. S. DISTRICT JUDGE

January 8, 2016